SMITH, Appellant,

v.

OHIO LOTTERY COMMISSION, Appellee.

[Cite as *Smith v. Ohio Lottery Comm.* (1991), 75 Ohio App.3d 753.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58905.

Decided Aug. 26, 1991.

754

*William T. McGinty,* for appellant.

*Lee Fisher,* Attorney General, and *Gregg H. Bachmann,* Assistant Attorney General, for appellee.

---

SPELLACY, Judge.

Appellant Thomas J. Smith appeals from the judgment of the Cuyahoga County Court of Common Pleas which affirmed his removal from the position of Business Administrator 2 with appellee Ohio Lottery Commission. The facts giving rise to the instant appeal are as follows:

For approximately fourteen years, appellant was employed with appellee in the area of purchasing or personnel. In 1985, appellee was classified as a Business Administrator 2. His duties included negotiating and monitoring leases, supervising the maintenance and issuance of agency vehicles, and negotiating the lease or purchase of capital investments and assets.

In the fall of 1985, appellant and appellee's Director, Ronald Nabakowski, attended a meeting in Columbus, Ohio to discuss a new telephone system. Present at the meeting were appellant, Ronald Nabakowski, John McGill, the President of Telecommunications Inc. ("TCI"), Robert McInneny, a lobbyist for TCI, and Angelo Guarino from the Auditor's Office.

After this first meeting, representatives for TCI conducted a needs survey at appellee's premises and appellant met with them on four or five occasions. Appellant prepared the necessary documents in order to lease and/or purchase TCI's telephone system. Included in appellant's documentation was a "ten-years savings projection" appellee would enjoy with TCI's telephone system. The projection, which was commonly referred to as Exhibit A, estimated that appellee could save $670,539 over ten years with TCI. At all times during the approval process, appellant represented that Exhibit A was his own work product.

Based on appellant's recommendation, Ronald Nabakowski signed an agreement with TCI on February 1, 1986, which provided for the lease and/or purchase of TCI's telephone system.

In the fall of 1987, several contracts between TCI and Ohio state agencies were being closely scrutinized. In September 1987, the Director of Public Information for appellee, Anne Bloomberg, was contacted by reporters from the Cleveland Plain Dealer. The reporters inquired into appellee's contacts with TCI and requested to inspect documentation. Anne Bloomberg complied with the reporters' requests and handed over several documents, including Exhibit A.

On September 25, 1987, a meeting was conducted between Plain Dealer reporter Wendling and representatives of appellee, including appellant. Wendling asked several questions concerning the award of the telephone system contract to TCI. Appellant fielded a majority of the questions, since he was the person most closely connected with the agreement. At this meeting, appellant informed everyone that he had prepared Exhibit A.

On September 29, 1987, appellee issued a press release that was prepared by appellant and Sam Giamo. The press release was intended to demonstrate that appellee's decision to use TCI was based on a cost analysis and was a sound business judgment.

On October 8, 1987, another meeting was conducted between representatives of appellee and the Plain Dealer, with the addition of reporter Gary Webb. At this meeting, appellant was specifically asked whether he prepared Exhibit A. Appellant affirmatively responded that he did prepare it himself.

Reporter Webb then presented appellant with a document that included the same format and type as that contained in Exhibit A. This document was TCI's proposal to the Ohio Industrial Commission. Upon presentation of this document, appellant then admitted that TCI's President, McGill, prepared Exhibit A, and appellant also stated that it was typed and put together at TCI's premises.

On October 21, 1987, appellant was removed from his position of Business Administrator 2 with appellee. In the Department of Administrative Services' order of removal, appellant was informed that the reason for his removal was that he was guilty of gross neglect of duty and dishonesty. Apparently, appellant inappropriately processed the vendor contract with TCI.

On October 26, 1987, appellant filed a notice of appeal from his removal with the State Personnel Board of Review.[1] On May 11 and 12, 1988, a hearing was conducted before an administrative law judge. On June 24, 1988, the administrative law judge issued her report and recommendation.

In her report and recommendation, the administrative law judge found that there was no evidence of any impropriety in the TCI contract itself, nor was there any evidence that appellant profited from the transaction. However, the administrative law judge did find that appellant misrepresented a crucial element of the contract to appellee and put appellee in a difficult position by completely contradicting prior statements he had made.

---

1. Appellant's removal order was subsequently amended and a new appeal was filed. However, appellant's appeals were consolidated. The State Personnel Board of Review concluded that appellant filed a timely appeal.

Initially, the administrative law judge stated that she would have recommended a serious suspension as opposed to removal. But after reviewing appellant's previous disciplinary record, including past dishonest acts, falsification of his time sheets and unauthorized use of a state car, the administrative law judge recommended an affirmance of appellant's removal.

After reviewing the administrative law judge's report and recommendation and the objections to that report, the State Personnel Board of Review ("the board") adopted the recommendations on August 8, 1988. Thus, appellant's removal was affirmed.

On August 16, 1988, appellant appealed the board's affirmance order to the Cuyahoga County Court of Common Pleas. The parties submitted briefs and the trial court entertained oral arguments on October 23, 1989.

On November 8, 1989, the trial court issued a judgment entry affirming the board's order. The trial court found that, based upon the record, the briefs of the parties and the arguments presented by the parties' respective counsel, the order of the board was supported by reliable, probative and substantial evidence and was in accordance with law.

Appellant filed a timely notice of appeal from the judgment of the trial court. On March 5, 1990, appellant filed in this court a motion to remand these proceedings to the trial court to hear additional evidence. Appellant argued that a newspaper article concerning a financial transaction between a TCI lobbyist and a state employee constituted new evidence. Appellant claimed that the newspaper article tended to prove that any impropriety in appellee's telephone contract may have occurred at the Telecommunication Division of the Department of Administrative Services.

Appellant subsequently raised the following assignments of error:

"I. The trial court erred in affirming the State Personnel Board of Review when the progressive discipline policy was applied retroactively thereby bootstrapping appellant's discipline from a suspension to a removal and effectively denying the appellant due process of law as protected by the fourteenth amendment to the United States Constitution.

"II. The trial court erred in affirming the Personnel Board of Review decision to remove appellant because the report is erroneous and not supported by the evidence."

Appellant's motion to remand these proceedings to the trial court will be addressed first.

█ Appellant cites R.C. 119.12 to support his contention that this court must remand its proceedings to the trial court when there is newly discovered evidence. R.C. 119.12 pertains solely to appeals from an order of an agency

to the court of common pleas. We find that R.C. 119.12 is inapplicable to appeals to this court. Furthermore, appellant has failed to present any legal authority stating that this court must remand to the trial court for newly discovered evidence.

Moreover, appellant has failed to demonstrate how the alleged new evidence affects the merits of this case. The newspaper article submitted by appellant explains nothing about appellant's actions regarding appellee and TCI. We find that appellant's alleged new evidence has no bearing on the instant case.

Thus, appellant's motion to remand these proceedings to the trial court to hear additional evidence is denied. We will now address the merits of appellant's assignments of error.

Appellant contends in his first assignment of error that the judgment affirming the order of the board is in error, because the board erroneously considered his past disciplinary record. Appellant claims that the introduction of his prior disciplines violated his right to due process of law.

Evidence of prior disciplinary measures are admissible under Ohio Adm. Code 124–9–04. Ohio Adm.Code 124–9–04 provides in relevant part:

"(C) The board may admit evidence of prior discipline if it is offered to prove either:

"(1) Notice to an employee that particular conduct is unacceptable; or

"(2) A continuing problem justifying harsher discipline than might otherwise be the case."

We find that Ohio Adm.Code 124–9–04(C) justified the board in admitting evidence of appellant's disciplinary record. We conclude that appellant had notice that his conduct was unacceptable and that a continuing problem existed, which justified harsher discipline than the ordinary case. See *Bachtel v. Summit Cty. Recorder* (Nov. 24, 1989), Summit App. No. 14086, unreported, 1989 WL 145209.

Appellant's first assignment of error is without merit and is overruled.

In his second assignment of error, appellant argues that the trial court erred in affirming an order that was erroneous and not supported by the evidence.

The trial court must affirm the decision of the board if, upon consideration of the entire record and such additional evidence as the trial court has admitted, the board's decision is supported by reliable, probative and substantial evidence. *Harris v. Lewis* (1982), 69 Ohio St.2d 577, 23 O.O.3d 485, 433

N.E.2d 223; *Andrews v. Board of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390.

■ However, on appeal from a judgment of the court of common pleas, this court, pursuant to R.C. 2506.04, possesses a limited power of review. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 12 OBR 26, 465 N.E.2d 848. A court of common pleas decision must be affirmed, unless it is found that, as a matter of law, its conclusion is not supported by a preponderance of reliable, probative and substantial evidence. *Dudukovich v. Lorain Metro. Housing Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113.

■ In the instant case, there was ample evidence that appellant permitted TCI's President, McGill, to prepare Exhibit A, which was clearly a major document considered in the subject transaction. But when asked whether he prepared Exhibit A, appellant continually said that he prepared it. It was not until he was presented a copy of a similar document from the Industrial Commission that appellant admitted he did not prepare Exhibit A. Based on appellant's prior disciplinary record as well as his actions concerning the contract with TCI, appellant was removed as a Business Administrator 2 for appellee.

We find that the trial court's judgment affirming appellant's removal was correct as a matter of law. The trial court correctly concluded that the board's decision to remove appellant was supported by a preponderance of reliable, probative and substantial evidence.

Appellant's second assignment of error is not well taken and is overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

KRUPANSKY, C.J., and PATRICIA A. BLACKMON, J., concur.