**ARCURAGI, Appellant,**

v.

**MIAMI UNIVERSITY, Appellee.***

[Cite as *Arcuragi v. Miami Univ.* (1995), 103 Ohio App.3d 455.]

Court of Appeals of Ohio,
Twelfth District, Preble County.

No. CA94–09–024.

Decided May 15, 1995.

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1422, 655 N.E.2d 741.

---

*Eric James Barr,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Robert A. Zimmerman,* Assistant Attorney General, for appellee.

---

WALSH, Presiding Judge.

Appellant, Brian Arcuragi, appeals a decision of the Preble County Court of Common Pleas reinstating an order of removal issued by appellee, Miami University ("Miami").

Appellant was employed by Miami as a building services worker assigned to the dishroom at Erickson Hall. Appellant was removed from his position effective May 5, 1993 for "failure of good behavior." This charge was based upon several instances of sexually harassing behavior committed by appellant toward or in the presence of female co-workers. Appellant appealed Miami's order of removal to the State Personnel Board of Review ("the board").

The evidence adduced at the hearing before the board indicated that during March 1993, appellant engaged in various instances of sexually harassing or offensive behavior. Rebecca Manning, a nineteen-year-old student who worked with appellant in the dishroom, testified that appellant told her, "You have a nice ass." Appellant also told Manning, "You're looking good today," in a way Manning perceived as having sexual connotations. In addition, appellant said to another co-worker, April Still, "You have nice tits," and gestured with his hands as if he were squeezing Still's buttocks. Manning also testified that appellant often told sexually explicit jokes and once remarked about another woman that he "would really like to fuck her." The board ultimately found that some, but not all, of the allegations against appellant were proven.

The evidence before the board also indicated that appellant had been disciplined for failure of good behavior on several prior occasions, receiving a three-day suspension, two written disciplinary notices, and verbal reprimands from supervisors for use of loud, obscene, and abusive language toward supervisors and other employees, and the need to improve his behavior toward co-workers. Appellant's employee performance evaluations for 1990–1991 and 1991–1992 stated that he did not meet minimum standards of performance in his working relations with others. Appellant's prior conduct, however, did not involve sexually harassing behavior.

The board also heard testimony regarding Miami's comprehensive sexual harassment policy, which had been revised as of June 1991. The policy defines sexual harassment as any unwelcome sexual behavior directed toward an individual, and states that pervasive sexual harassment is prohibited when such conduct has the purpose or effect of unreasonably interfering with an individual's work or academic performance or creating an intimidating, hostile or offensive working, learning or living environment. The policy also contains examples of conduct viewed as sexual harassment, including sexually explicit statements, questions, jokes or anecdotes and remarks of a sexual nature about a person's clothing or body.

The policy states that violators shall be subject to appropriate disciplinary action, including a written warning, suspension, or dismissal. Although the revised policy had been in effect since 1991, evidence at the hearing indicated that Miami had been lax in providing supervisors with follow-up training on the policy and in making sure that employees were aware of and understood the policy.

In evaluating whether the discipline imposed by Miami, i.e., removal of appellant, was supported by the violations with which appellant was charged, the board concluded: "This case involves probative and substantial evidence of remarks and conduct which are inherently offensive and repugnant to women. Appellant's actions demonstrate an inability [sic] and lack of respect towards women." The board further acknowledged that the remarks made by appellant in the presence of Manning violated Miami's policy on sexual harassment; however, the board found that it was not proven that appellant was aware of the existence of such policy or what constituted sexual harassment. Accordingly, the board disaffirmed Miami's removal order, reducing appellant's discipline from removal to suspension, and ordered Miami to provide appellant and its other employees with training and education on its sexual harassment policy.

Miami appealed the board's ruling to the Preble County Court of Common Pleas. The court reversed the board and reinstated the removal of appellant, finding that the board's decision was not supported by reliable, probative and substantial evidence and was not in accordance with law. On appeal, appellant presents two assignments of error for review. In his first assignment of error, appellant argues that the common pleas court abused its discretion in finding that the board's decision disaffirming his removal was not supported by reliable, probative and substantial evidence. We disagree.

Pursuant to R.C. 119.12, in its review of the board's decision, the common pleas court must appraise all of the evidence "as to the credibility of witnesses, the probative character of the evidence and the weight to be given it, and, if from such a consideration it finds that the board's order is not supported by reliable, probative and substantial evidence and is not in accordance with law,

the court is authorized to reverse, vacate, or modify the order of the board." *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390, paragraph one of the syllabus. Such inquiry, to a limited extent, permits a substitution of judgment by the common pleas court on review. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267–1268.

In contrast, this court has a more limited standard of review. In administrative appeals of public employee disciplinary actions, a court of appeals may reverse a decision of the common pleas court only upon a showing that the court abused its discretion. *Kennedy v. Marion Corr. Inst.* (1994), 69 Ohio St.3d 20, 21–22, 630 N.E.2d 324, 325–327. Abuse of discretion "implies a decision that is without a reasonable basis and is clearly wrong." *Scandinavian Health Spa, Inc. v. Ohio Civ. Rights Comm.* (1990), 64 Ohio App.3d 480, 488, 581 N.E.2d 1169, 1174.

In this case, the common pleas court determined that the board's order disaffirming appellant's removal was not supported by reliable, probative and substantial evidence. As the court pointed out, the board's opinion indicates that it reduced appellant's discipline from removal to suspension because it found insufficient proof that appellant knew of Miami's sexual harassment policy or what constituted sexual harassment. While we acknowledge that Miami should have been more diligent in informing its employees of its sexual harassment policy, Miami did not dismiss appellant specifically for violating its sexual harassment policy; rather, it dismissed him for "failure of good behavior," the underlying conduct being instances of sexually harassing and offensive behavior.

The record indicates that the board failed to review the issue from the perspective of a failure of good behavior and focused too narrowly on the issue of sexual harassment and whether appellant's conduct violated Miami's sexual harassment policy. In so doing, the board appeared to ignore or discount the evidence concerning appellant's prior discipline for failure of good behavior. The common pleas court correctly recognized that this prior misconduct was clearly material in determining the appropriate punishment for the most recent incidents of failure of good behavior. See *Smith v. Ohio Lottery Comm.* (1991), 75 Ohio App.3d 753, 600 N.E.2d 805 (consideration of prior disciplinary actions against employee is proper in deciding appropriate penalty).

Regardless of whether appellant's current instances of misconduct violated Miami's sexual harassment policy or established a prima facie case of sexual harassment, they are sufficient evidence of "failure of good behavior" and a continuation of prior unacceptable behavior in general. Considering the many

instances of prior disciplinary action and warnings against appellant for failure of good behavior, Miami was justified in dismissing appellant.

Under these circumstances, removal appears not only proper, but necessary. Therefore, pursuant to the standard of review placed upon the board, where Miami's decision to discharge appellant was not arbitrary, unreasonable or unlawful, and where the discharge was not improper or unnecessary, the board had no basis upon which to disaffirm the order of removal. See R.C. 124.03(A); *Maiden v. Fayette Cty. Bd. of Retardation* (1984), 16 Ohio App.3d 196, 199, 16 OBR 211, 213–214, 475 N.E.2d 135, 138–139, citing *State ex rel. Ogan v. Teater* (1978), 54 Ohio St.2d 235, 245–246, 8 O.O.3d 217, 222–223, 375 N.E.2d 1233, 1240–1241.

Appellant argues that because the board's factual findings are proper and not in dispute, the common pleas court had no authority to review the punishment or discipline imposed by the board. We disagree. R.C. 119.12 mandates that the common pleas court must consider the "entire record" in evaluating whether the board's decision is supported by reliable, probative and substantial evidence. This includes a review of the propriety of the discipline imposed by the board in light of the violations committed by appellant. Since determining what form of punishment is most appropriate under the circumstances is an integral part of the board's decision in employee disciplinary proceedings such as this one, the common pleas court must have authority to review this aspect of the decision.

In this case, the court found that after considering the entire record and the past instances of disciplinary actions taken against appellant for failure of good behavior, the board's decision disaffirming appellant's removal and imposing only a suspension was not supported by "reliable, probative, and substantial evidence." Under the circumstances, we cannot say that the court abused its discretion in reaching this conclusion. Appellant's first assignment of error is accordingly overruled.

In his second assignment of error, appellant argues that the common pleas court abused its discretion in finding that the board's decision disaffirming appellant's removal was not in accordance with law. For the reasons stated below, we find it unnecessary to reach the issues addressed in this assignment of error.

Under R.C. 119.12, an agency decision must pass a two-prong test before the common pleas court is authorized to affirm: (1) the decision must be supported by reliable, probative and substantial evidence; and (2) the agency action must be in accordance with law. *Kelly v. Accountancy Bd. of Ohio* (1993), 88 Ohio App.3d 453, 461, 624 N.E.2d 292, 297. In his second assignment of error, appellant challenges the court's ruling regarding the second prong of the test.

However, we have already determined, in connection with appellant's first assignment of error, that the board's disaffirmance of Miami's removal of appellant failed to satisfy the first prong of the test. Thus, the board's decision cannot be affirmed, regardless of whether or not it satisfies the second prong of the test. See *id.* Accordingly, appellant's second assignment of error is rendered moot.

The judgment is affirmed.

KOEHLER and WILLIAM W. YOUNG, JJ., concur.

*Judgment affirmed.*