LAUKERT, Appellee,

v.

OHIO VALLEY HOSPITAL ASSOCIATION; Ohio
Bureau of Employment Services, Appellant.

[Cite as *Laukert v. Ohio Valley Hosp. Assn.* (1996), 115 Ohio App.3d 168.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 95–JE–43.

Decided Nov. 1, 1996.

*Stanley G. Burech,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Betsey Nims Friedman,* Assistant Attorney General, for appellant.

GENE DONOFRIO, Judge.

This timely appeal arises from the judgment of the Jefferson County Court of Common Pleas which reversed a decision of the Unemployment Compensation Board of Review. The board found that Patricia L. Laukert, appellee, was discharged for just cause from her employment with Ohio Valley Hospital Association ("OVHA"). The court of common pleas held that appellee was never an employee of the OVHA and, therefore, could not have been discharged.

The facts of this case are undisputed. Appellee was employed by National City Bank when her position was eliminated and she was discharged from employment on May 31, 1994. Appellee applied for and was granted unemployment compensation benefits as a result. Thereafter, appellant, Ohio Bureau of Employment Services ("OBES"), advised appellee that there was a potential job available at the OVHA, and appellee applied for it. Appellee interviewed for the job and was chosen to participate in a training program. Appellee was advised that at the

completion of the training period she would be required to pass two competency tests to be eligible for the job. During the time appellee was in the training program she was paid for a portion of her work. A representative of the OVHA testified that appellee was not hired, but only accepted into the training class. On December 1, 1994, appellee took the two aforementioned competency tests. Appellee passed one, but failed the other by two points. The failed test disqualified appellee from being eligible for the position at the OVHA.

On December 5, 1994, appellee returned to the OBES office and applied to reopen her existing claim. This claim was initially denied by the OBES on December 23, 1994, on the ground that appellee had been discharged by the OVHA for just cause in connection with work. On request for reconsideration by appellee, the OBES affirmed the initial determination. Appellee then filed an appeal to the board of review. Following a hearing before a hearing officer, at which both appellee and the OVHA appeared, the hearing officer affirmed the decision, finding that appellee had been discharged for just cause. Upon denial of further appeal by the board of review, appellee appealed to the Jefferson County Court of Common Pleas. In a November 16, 1995 judgment entry, the court of common pleas reversed the decision of the board of review as being unlawful, unreasonable, and against the manifest weight of the evidence. On December 11, 1995, the court of common pleas entered a *nunc pro tunc* judgment to clarify its previous entry. The trial court held that appellant is entitled to benefits from her last employer, National City Bank. Also, in its December 11, 1995 entry, the court additionally rendered judgment in favor of OVHA, holding that OVHA shall not be charged with any benefits because appellant was never an employee there. Appellant, OBES, now seeks review before this court.

Appellant has a single assignment of error:

"The common pleas court erred in reversing the decision of the Unemployment Compensation Board of Review where competent, credible evidence established that claimant was in an employment relationship as defined in R.C. 4141.01(B)(1) and was discharged for just cause, thus making claimant ineligible for unemployment compensation."

■ Appellant argues that the lower court erred by holding that appellee was not an employee of the OVHA. Appellee OBES contends that competent, credible evidence in the record establishes that appellee was in an employment relationship with the OVHA as defined in R.C. 4141.01(B)(1), and was discharged by the OVHA for just cause, thus disqualifying her from receiving unemployment benefits.

Appellant denied appellee's claim for benefits on the ground that she was discharged for just cause in connection with her work as provided under R.C. 4141.29(D)(2)(a), which provides:

"Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:

" * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit his work without just cause or has been discharged for just cause in connection with his work * * *."

The Ohio Supreme Court has discussed what constitutes "just cause" in unemployment cases in *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17, 19 OBR 12, 14, 482 N.E.2d 587, 589:

"The term 'just cause' has not been clearly defined in our case law. We are in agreement with one of our appellate courts that '[t]here is, of course, not a slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' *Peyton v. Sun T.V.* (1975), 44 Ohio App.2d 10, 12 [73 O.O.2d 8, 9, 335 N.E.2d 751].

"The determination of what constitutes just cause must be analyzed in conjunction with the legislative purpose underlying the Unemployment Compensation Act. Essentially, the Act's purpose is 'to enable unfortunate employees, who become and remain *involuntarily* unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day.' (Emphasis *sic*.)" Quoting *Leach v. Republic Steel Corp.* (1964), 176 Ohio St. 221, 223, 27 O.O.2d 122, 123, 199 N.E.2d 3, 5.

The court of common pleas, however, did not address the "just cause" issue. Instead, the lower court was of the opinion that appellee was never an employee of the OVHA and, by virtue of never being an employee, could not have been discharged. The lower court went on to state that in the case *sub judice*, there was no evidence before the hearing officer or board of review that appellee was ever considered an employee. Appellee did receive partial payment for some of the clerical work that she did, but was not paid for all of the time that she put in at the OVHA.

In unemployment cases, reviewing courts are not to review the decision of the trial courts under an abuse of discretion standard, but rather are to review the decisions of the board with the same standard as must be used by the trial

court, that is, whether a decision of the board is unlawful, unreasonable, or against the manifest weight of the evidence. See *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, 696, 653 N.E.2d 1207, 1210.

We must agree with the court of common pleas and find the decision of the board of review to be unlawful, unreasonable, and against the manifest weight of the evidence. In *Tzangas* at 698, 653 N.E.2d at 1211–1212, the court held that "an employer may properly find an employee unsuitable for the required work, and thus to be at fault, when (1) the employee does not perform the required work, (2) the employer made known its expectations of the employee at the time of hiring, (3) the expectations were reasonable, and (4) the requirements of the job did not change since the date of the original hiring for that particular position." The case *sub judice* is distinguishable from *Tzangas*. In *Tzangas*, the employee's continued employment was contingent on the employee's ability to perform the work expected. In this case, appellee was not yet an employee. The *hiring* of appellee as an employee was contingent on appellee passing two competency tests, one of which appellee failed. Therefore, appellee was never an employee of the OVHA and could not have been discharged.

Furthermore, this court is in total agreement with the following statement of the court of common pleas:

"[The appellee] in this case is in a Catch–22 situation. If she refuses to go to the Ohio Valley Hospital and attempt to be employed, she runs the risk of losing her benefits. On the other hand if she goes to the hospital and enters into its training program for purposes of obtaining employment, as she did, she also runs the risk of losing benefits if she is not capable of performing the work and not able to meet the requirements of the hospital for purposes of employment. This Court does not believe this to be the intention of the Ohio legislature nor does it believe it to be the law in Ohio."

The judgment of the court of common pleas is hereby affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.