This timely appeal arises from a Mahoning County Court of Common Pleas judgment entry adopting a magistrate's decision which upheld the award of unemployment compensation benefits to Appellee Christopher Toth (hereinafter, Toth). For the following reasons, we affirm the judgment of the trial court.
The following facts are derived from the briefs of the parties. Appellant Edan Farms, Inc., leases trucks from various private owners and then subleases them to drivers such as Toth. Appellant bids on jobs for RPS Delivery Service for the delivery of packages to various destinations at times specified by RPS. Appellant then arranges for drivers to make the deliveries.
Toth worked as a route driver for Appellant from March 1996 until July 4, 1998. On May 6, 1998, Toth signed a "Subcontractor Agreement and Equipment Lease" which expressly provided that Toth was to be considered an independent contractor, not an employee. However, Toth's job duties and working conditions were the same before and after the agreement and lease was signed. After driving each delivery route, Toth was required to return the truck to a place specified by Appellant and to present written reports of any problems with the truck. Appellant had a maintenance department for the repair and service of the leased trucks. Toth was paid a percentage of the income generated from each delivery, less deductions for insurance, permits, licenses, fuel, use taxes, truck maintenance, etc. However, Toth ended his relationship with Appellant when he was notified of changes in his route and in his hours of operation.
On July 31, 1998, Toth filed a petition for unemployment compensation benefits. Appellant contested Toth's right to benefits arguing that Toth was not an employee but an independent contractor. On August 8, 1998, the Ohio Bureau of Employment Services Administrator initially disallowed the claim, finding that Toth was an independent contractor. On August 19, 1998, the Administrator issued a reconsideration decision which affirmed the initial denial of benefits.
Toth appealed to Appellee, State of Ohio Unemployment Compensation Review Commission (hereinafter, the Commission), on August 24, 1998. On November 5, 1998, the hearing officer reversed the prior decisions and awarded benefits. Appellant's request for reconsideration was denied on December 10, 1998. On January 11, 1999, Appellant appealed to the Mahoning County Common Pleas Court. On May 14, 1999, a Magistrate's Decision affirmed the decision of the Commission. Over Appellant's objections, the trial court adopted the Magistrate's Decision on June 16, 1999.
Appellant filed its notice of appeal on July 13, 1999. Appellant's sole assignment of error alleges:
 "THE COURT ABUSED ITS DISCRETION IN FINDING APPELLEE TO BE AN EMPLOYEE RATHER THAN AN INDEPENDENT CONTRACTOR."
Appellant argues that the trial court abused its discretion in finding that Toth was an employee rather than an independent contractor when considering both the applicable common law test as well as the criteria set forth in the Ohio Administrative Code for determining whether an individual is an independent contractor or an employee.
Appellant states that under the common law analysis, the principle test to determine the nature of the relationship involves determining issues of control. Appellant claims that if the employer reserves the right to control the manner and means of doing the work, an employer-employee relationship is created. Gillum v. Industrial Commission (1943)141 Ohio St. 373. Conversely, according to Appellant, if the manner and means of completing the work is left to the worker, an independent contractor relationship is created. Id. According to Appellant, the facts presented to the trial court support a finding that Toth was an independent contractor.
With respect to the Ohio Administrative Code, Appellant states that Ohio Adm. Code 4141-3-05 sets forth twenty factors to be considered when determining whether an individual is an independent contractor or an employee. According to Appellant, considering the facts of the present case, the majority of the factors weigh in favor of finding that Toth was an independent contractor.
Based on the record as presented to this Court and on the relevant law to be applied to Appellant's assignment of error, we hold that this assignment lacks merit.
This Court has stated that, "[i]n unemployment cases, reviewing courts are not to review the decision of the trial courts under an abuse of discretion standard, but rather are to review the decisions of the board with the same standard as must be used by the trial court, that is, whether a decision of the board is unlawful, unreasonable, or against the manifest weight of the evidence." Laukert v. Ohio Valley Hosp. Ass'n
(1996), 115 Ohio App.3d 168, 171-172 citing Tzangas, Plakas Mannos v.Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696.
Although Appellant states that the trial court abused its discretion, it is clear that Appellant is challenging the ruling of the Commission based on the weight of the evidence. A board of review's final decision may not be reversed as being against the manifest weight of the evidence if it is supported by some evidence in the record. Binger v. WhirlpoolCorp. (1996), 110 Ohio App.3d 583, 589. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision." Irvine v. Unemployment Comp. Bd. of Review (1985),19 Ohio St.3d 15, 18. Where the board might reasonably decide either way, the courts have no authority to upset the board's decision. Id.
The Ohio Supreme Court has stated:
 "Whether one is an independent contractor or in service depends on the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created."
 Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
To determine who has the right to control the work in question, the individual facts of each case must be examined. Id. The factors to be considered include, but are not limited to, ". . .such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes traveled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts." Id., 146.
R.C. § 4141.01(B)(1) defines "employment" as:
 "[S]ervice performed by an individual for remuneration under any contract of hire * * * unless it is shown to the satisfaction of the administrator that such individual has been and will continue to be free from direction and control over the performance of such service, both under a contract of service and in fact. The administrator shall adopt rules to define `direction or control.'"
The administrator's rules are contained in Ohio Adm. Code 4141-3-05, Definition of Employment, which lists twenty factors which may evidence direction or control. These factors set out in Ohio Adm. Code 4141-3-05(B) are to be used by the OBES administrator, but they are not necessarily the factors utilized by courts in determining whether reasonable minds could find that a claimant was or was not subject to direction and control over the performance of his services. Butts v. OBES (Aug. 19, 1999), Columbiana App. No. 98 CO 7, unreported, *4. The code is permissive and states that, "[d]irection or control may be evidenced by," the factors. Id.
Although our standard of review of the present matter is clear, we are unable to review the facts of this case to determine whether the trial court properly upheld the decision of the Commission. A transcript of the administrative hearing was not filed with the trial court, despite repeated references made to such transcript. Moreover, Appellant has filed with this Court neither a transcript of those proceedings pursuant to App.R. 9(B), nor an alternative record pursuant to App.R. 9(C)(D). It is well established that the duty to provide a transcript for appellate review falls upon the appellant because an appellant bears the burden of showing error by references to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
Here, Appellant asks us to review whether the trial court's judgment is supported by the evidence. Since there is no record of that evidence, we must presume that the trial court's judgment was valid. Accordingly, we are compelled to hold that Appellants assignment of error lacks merit and to affirm the judgment of the trial court.
Cox, P.J., concurs.
Donofrio, J., concurs; see concurring opinion.