DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Unemployment Compensation Review Commission ("Commission"), appeals from the judgment of the Lorain County Court of Common Pleas which reversed the Commission's prior determination. We affirm.
 I. {¶ 2} Appellee, Robert Parrish, applied for unemployment benefits on May 14, 2001, and received them for one year. On May 17, 2002, Mr. Parrish filed a subsequent application for benefits, which was initially allowed and Mr. Parrish received further payments until November 2002, totaling $9,325.00. On August 19, 2003, it was determined that Mr. Parrish's May 17, 2002 application should have been denied because he had not worked in the previous year, and Mr. Parrish was ordered to repay the $9,325.00.
 {¶ 3} Acting pro se, Mr. Parrish appealed that determination and a hearing was set. Prior to the hearing, Mr. Parrish attempted to have subpoenas served on two witnesses, one an individual from his former employer, the other a supervisor of the Lorain County officer of the Ohio Department of Juvenile and Family Services ("ODJFS"). Upon arriving at the hearing, Mr. Parrish was informed that these individuals had not been subpoenaed because they would not provide relevant evidence. Accordingly, Mr. Parrish proffered what he believed their testimony would be, asserting that the ODJFS supervisor, Dale Wood, would testify that his application was approved through some fault of the agency.
 {¶ 4} At the conclusion of the hearing, the hearing officer affirmed the determination that Mr. Parrish had received benefits for which he was not eligible and ordered him to repay those benefits. Mr. Parrish timely appealed to the Lorain County Court of Common Pleas. Upon reviewing the record, the trial court found that the hearing officer's decision denying the issuance of the subpoenas was improper and remanded the matter to the Commission. The Commission timely appealed the judgment of the trial court, raising two assignments of error for review. As the Commission has argued the assignments of error together, we have consolidated them for our review.
 II. A. First Assignment of Error
"THE COMMON PLEAS COURT ERRED IN REMANDING THIS CASE TO THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION FOR A REHEARING AS THE SUBPOENAED TESTIMONY WOULD HAVE NO RELEVANCE TO THE ISSUE BEFORE THE REVIEW COMMISSION."
 Second Assignment of Error
"THE COMMON PLEAS COURT ERRED IN VACATING THE REVIEW COMMISSION'S DECISION AS THERE IS COMPETENT, CREDIBLE EVIDENCE IN THE RECORD THAT CLAIMANT DID NOT MEET THE STATUTORY REQUIREMENTS FOR A VALID APPLICATION."
 {¶ 5} In both its assignments of error, the Commission argues that the trial court erred in reversing the determination of the Commission. Specifically, the Commission asserts that the hearing officer properly excluded irrelevant evidence and that the record supports its decision. We disagree.
"In unemployment cases, reviewing courts are not to review the decision of the trial courts under an abuse of discretion standard, but rather are to review the decisions of the Board with the same standard as must be used by the trial court, that is, whether a decision of the board is unlawful, unreasonable, or against the manifest weight of the evidence."Laukert v. Ohio Valley Hosp. Assn. (1996), 115 Ohio App.3d 168,171-172, citing Tzangas, Plakas Mannos v. Bur. of Emp. Servs.
(1995), 73 Ohio St.3d 694, 696.
This standard of review is shared at every level of review. Tzangas,73 Ohio St.3d at 696. Accordingly, "the fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision." Irvine v. Unemp. Comp. Bd. of Rev. (1985),19 Ohio St.3d 15, 18.
 {¶ 6} R.C. 4141.35(B)(1)(a) provides as follows:
"If the director finds that an applicant for benefits has been credited with a waiting period or paid benefits to which the applicant was not entitled for reasons other than fraudulent misrepresentation, the director shall:
"Within six months after the determination under which the claimant was credited with that waiting period or paid benefits becomes final pursuant to [R.C. 4141.28], or within three years after the end of the benefit year in which such benefits were claimed, whichever is later, by order cancel such waiting period and require that such benefits be repaid to the director or be withheld from any benefits to which such applicant is or may become entitled before any additional benefits are paid, provided that the repayment or withholding shall not be required where the overpayment is the result of the director's correcting a prior decision due to a typographical or clerical error in the director's prior decision, or an error in an employer's report under division (G) of [R.C. 4141.28]." (Emphasis added).
 {¶ 7} The Commission asserts that "the sole issue before the Review Commission * * * was whether claimant had a valid application for benefits." The Commission urges that Mr. Parrish's application for unemployment was void on its face because he had not complied with the statutory mandates of working for six weeks during the prior year. However, this assertion avoids entirely Mr. Parrish's sole contention in his appeal to the Commission. Mr. Parrish has not contested that he received benefits which he was ineligible to receive. His sole contention has been that the Commission failed to permit him to introduce evidence that would eliminate his responsibility for repaying those benefits.
 {¶ 8} Our review of the record supports Mr. Parrish's initial contention in the trial court, i.e., that the Commission acted unreasonably in refusing to subpoena the supervisor of the ODJFS county office in which he filed for unemployment. The Commission's internal guidelines provide as follows:
"If the number of subpoenas requested appears to be unreasonable, the Commission may require a showing of necessity for your request. Without ashowing of necessity, only three subpoenas will be issued." (Emphasis added.)
As Mr. Parrish only requested that two subpoenas be issued, he was not required to make a showing of necessity and his requests were presumptively reasonable.
 {¶ 9} In addition, Mr. Parrish proffered that Wood would testify that his receipt of benefits was in no way the fault of Mr. Parrish. The Commission's hearing officer found that such testimony was irrelevant because the application was void on its face. We find that such reasoning is not determinative of the relevance of the evidence proffered by Mr. Parrish.
 {¶ 10} In order for Mr. Parrish to avoid repayment, he was obligated to demonstrate that his receipt of benefits was based upon an earlier decision which granted him benefits because of a typographical or clerical error. The hearing officer refused to permit Mr. Parrish to subpoena the employee who had dealt with his application. As a result, the record is bare with regard to evidence of why Mr. Parrish's application was approved. If Mr. Parrish's application was clearly invalid on its face as the Commission suggests, it begs the question as to why such a patently invalid application was approved. Mr. Parrish sought to answer this question by questioning the individual who handled his application, but his attempts to question Wood were denied by the Commission.
 {¶ 11} While the evidence presented supports that the Commission properly found that Appellant received benefits for which he was not eligible, evidence of the reasons why he received those benefits was excluded by refusing to issue Mr. Parrish's subpoena. Absent the introduction of evidence regarding whether or not a typographical or clerical error resulted in Mr. Parrish's receipt of benefits, the hearing officer's decision ordering repayment of the benefits was unreasonable. Accordingly, the Commission's assignments of error are overruled.
 III. {¶ 12} The Commission's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J. Concurs
Slaby, P.J. Dissents