DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Unemployment Compensation Review Commission ("Review Commission") has appealed from a decision of the Lorain County Court of Common Pleas that reversed and remanded the Review Commission's dismissal of Appellee Lorain County Auditor's ("Auditor") unemployment benefit's appeal. This Court reverses and remands.
 I {¶ 2} In May of 2003, Gail Cifranic ("Cifranic") was terminated from her position with the Lorain County Tuberculosis Clinic ("Clinic"). Cifranic applied for and was awarded unemployment benefits. On behalf of the Clinic, Auditor appealed the unemployment award arguing that Cifranic was terminated for cause and was therefore not entitled to unemployment benefits. The Review Commission scheduled a telephonic hearing for January 6, 2003 at 7:00 p.m. and all parties were notified. Counsel for Auditor failed to appear at the hearing.[1]
 {¶ 3} On January 7, 2003, due to Auditor's failure to appear at the hearing, the Review Commission dismissed Auditor's appeal. Also, on January 7, 2003, counsel for Auditor informed the Review Commission that he failed to appear at the hearing because he forgot about the hearing. He stated that because the hearing was scheduled for after working hours and he had forgotten about the hearing he did not have the file with him. Auditor's counsel further stated that he could not gain access to his locked government office in time for the hearing because he forgot the pass code to enter the building. The Review Commission scheduled a hearing for June 2, 2003 to determine if Auditor could establish the requisite "good cause" for failing to appear at the hearing and therefore, have its appeal reinstated.
 {¶ 4} In a decision mailed on June 18, 2003, the Review Commission made the following findings of fact:
"The representative for the Lorain County Auditor testified that he was not able to attend the January 6, 2003, telephone hearing because he left the file in his office at the end of the business day. Furthermore, his office is locked after hours and he was unable to retrieve the file in time to call the Review Commission for his evening telephone hearing."
After citing the "Issue" as "[h]as [Auditor] shown good cause for failing to appear at the scheduled hearing?," the Review Commission quoted R.C. 4141.28 (J)(2), which stated:
"If the party appealing fails to appear at the hearing, the hearing officer shall dismiss the appeal, provided that the hearing officer or commission shall vacate the dismissal upon a showing that * * * good cause for the failure to appear is shown to the commission within fourteen days after the hearing date."[2]
In the "Reasoning" section of the Review Commission's decision, it stated that "[t]he Ohio Unemployment Compensation Law does not define the term `good cause'" and in determining whether Auditor had established "good cause" it "applied a reasonable person standard." The Review Commission concluded "that [Auditor] ha[d] not shown good cause for failing to appear at the scheduled hearing" and denied Auditor's request to reinstate its appeal.
 {¶ 5} On June 30, 2003, Auditor appealed the Review Commission's decision. On November 20, 2003, the Lorain County Court of Common Pleas found that the Review Commission's dismissal was unlawful, unreasonable, and against the manifest weight of the evidence. The trial court reversed the decision of the Review Commission, and remanded the case back to the Review Commission with instructions that Cifranic's unemployment benefit status be determined on the merits. On December 18, 2003, the Review Commission timely appealed the trial court's decision asserting one assignment of error.
 II Assignment of Error Number One
"Forgetting to appear at a hearing is not good cause for reinstating an appeal challenging an unemployment benefits award where the ohio supreme court has defined good cause as an unforeseen or changed circumstance and the forgetfulness is not due to any issue outside appellant's control."
 {¶ 6} In its sole assignment of error, the Review Commission has argued that the trial court erred when it reversed the Review Commission because when an appealing party fails to appear at a hearing the Review Commission must dismiss the appeal unless "good cause" is shown. Specifically, the Review Commission has asserted that forgetting to appear at a hearing is not "good cause" to reinstate an appeal. We agree.
 {¶ 7} When reviewing a determination by the Review Commission the common pleas court applies a statutorily mandated standard of review. Pursuant to R.C. 4141.282(H):
"The court shall hear the appeal upon receipt of the certified record provided by the commission. If the court finds that thedecision of the commission was unlawful, unreasonable, or againstthe manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." R.C. 4141.282(H) (emphasis added).
 {¶ 8} This Court utilizes the same standard when reviewing the decision of the trial court. Tzangas, Plakas Mannos v.Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696-697. Thus, this Court focuses on the decision of the Review Commission, rather than that of the common pleas court. Barillav. Ohio Dept. of Job Family Servs., 9th Dist. No. 02CA008012, 2002-Ohio-5425, at ¶ 6, citing Tenny v. Oberlin College (Dec. 27, 2000), 9th Dist. No. 00CA007661, at 3. While this Court cannot make factual findings or determine the credibility of witnesses, we do have the duty to determine whether the Review Commission's decision is supported by the evidence in the record.Tzangas, 73 Ohio St.3d at 696, citing Irvine v. UnemploymentCompensation Bd. of Review (1985), 19 Ohio St.3d 15, 17. If such evidence is found, then the Court cannot substitute its judgment for that of the Review Commission. Roberts v. Hayes, 9th Dist. No. 21550, 2003-Ohio-5903, at ¶ 12 (citations omitted).
 {¶ 9} Applying the same standard at each appellate level does not result in a de novo standard of review. Tzangas,73 Ohio St.3d at 697. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision." Irvine, 19 Ohio St.3d at 18. Rather, a reviewing court may reverse the Review Commission's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas 73 Ohio St.3d at 697. Further, "[e]very reasonable presumption must be made in favor of the [decision] and the findings of fact [of the Review Commission]." Karches v. Cincinnati (1988), 38 Ohio St.3d 12,19.
 {¶ 10} The Review Commission has asserted that the dismissal of Auditor's appeal is mandatory because Auditor failed to appear at the hearing and Auditor failed to show "good cause" for its absence. Pursuant to R.C. 4141.281(D)(5), "[f]or hearings at either the hearing officer or review level, if the appealing party fails to appear at the hearing, the hearing officer shall dismiss the appeal." R.C. 4141.281(D)(5). But, "[t]he commission shall vacate the dismissal * * * [if] good cause for the appellant's failure to appear is shown to the commission within fourteen days after the hearing date." Id. Accordingly, unless an appellant establishes "good cause" for failing to appear at the hearing, the appeal will not be reinstated.
 {¶ 11} While "good cause" is not defined under Ohio Unemployment Compensation Law, the Ohio Supreme Court has dealt with the term in workers compensation cases. In Hawkins v.Indus. Comm. of Ohio, the Ohio Supreme Court found that "good cause" for a change of payment request can be established through unforeseen or changed circumstances. State ex rel. Hawkins v.Indus. Comm. of Ohio, 100 Ohio St.3d 21, 2003-Ohio-4765, at ¶ 7. While Hawkins does not involve "good cause" for failing to appear at a hearing, this Court finds the Ohio Supreme Court's standard provides direction in our review of the case sub judice.
 {¶ 12} Since this Court has not previously addressed "good cause" under R.C. 4141.281(D)(5), we look to other appellate treatment of the issue. The Tenth Appellate District in Franklin County has issued several opinions dealing with R.C.4141.281(D)(5) finding that "good cause" can be established by the appealing party demonstrating a lack of culpability for their failure to appear. See Payton v. Bd. of Rev. (June 5, 1997), 10th Dist. No. 96APE09-1266, 1997 Ohio App. LEXIS 2423; Waltonv. Ohio State Bur. of Emp. Servs. (Feb. 21, 2002), 10th Dist. No. 01AP-779, 2002 Ohio App. LEXIS 722. For example, the Tenth District affirmed a finding of "good cause" when a party failed to appear at a board hearing due to unanticipated treatment for health problems. Furtado v. Getsay (Feb. 18, 1993), 10th Dist. No. 92AP-1119, 1993 Ohio App. LEXIS 1099. On the other hand, the Tenth District determined that "good cause" for failing to appear at a hearing could not be established when a party was unfamiliar with an area and was unable to find the location of the hearing in time to appear, when a party partially relied on advice from an Ohio Board of Employment Services employee and made a conscious decision not to attend the hearing, or when a party failed to read all relevant directions on how to appear at the hearing. See Payton, supra; Altizer v. Bd. of Rev., O.B.E.S.
(Mar. 12, 1996), 10th Dist. No. 95APE10-1310, 1996 Ohio App. LEXIS 951; Arn v. Leibold (June 17, 1993), 10th Dist. No. 93AP-394, 1993 Ohio App. LEXIS 3114.
 {¶ 13} When reviewing the Review Commission's appeal that Auditor failed to establish "good cause," this Court must focus on the decision of the Review Commission and decide whether its decision was unlawful, unreasonable, or against the manifest weight of the evidence. See Tzangas, supra.
 {¶ 14} A review of the record reveals that the day after the hearing, January 7, 2003, Auditor telephoned the Review Commission and explained why it did not appear at the hearing. A telephonic hearing was scheduled for June 2, 2003 to resolve the issue. A hearing officer for the Review Commission, counsel for Auditor, and Cifranic participated in the hearing. When asked by the hearing officer why he failed to appear at the January 6, 2003 hearing, Auditor's counsel testified:
"I left the file at my office. And I came home from work, I went to the gym and I pulled in my driveway about ten to 7:00 and and [sic] I remembered I had a hearing at 7:00 o'clock. The building is opened by a keyless entry system with putting your palm on a machine and squeezing your fingers up against sensors. I have access to the building, but the code is in my office. We went to the keyless entry system about eight or ten years ago. I've been into the building after hours twice since that system was installed, once on a Saturday when I took my number with me and the other time [* * *] I had to call another attorney because I didn't have my number to get in. So by the time I realized when and I remembered the hearing, I didn't have time to try to round up somebody to let me get into the building and get my file and communicate with the Review Commission."
 {¶ 15} Counsel for Auditor argued that he had established "good cause" because he made an honest mistake and that his client should not be punished for his mistake. Arguing that Auditor had not established "good cause," Cifranic stated:
"[Counsel for Auditor] said that at ten to 7:00 he drove into his driveway after he had gone to the gym. My husband was in critical condition at the time that this hearing took place. I left my work or my place of employment, drove straight home without going to the hospital to see my husband, although he was on the critical list in ICU at EMH, which can be verified, and I, you know, checked in. We were supposed to have checked in 15 minutes before the hearing. The hearing was at 7:00."
 {¶ 16} After hearing from Auditor and Cifranic, the hearing officer explained that the hearing was concluded and that she would notify the parties of her decision.
 {¶ 17} This Court finds that the decision of the Review Commission was not unlawful, unreasonable, or against the manifest weight of the evidence. We find that the Review Commission's decision that Auditor had not established "good cause" for failing to appear at the hearing was supported by evidence in the record.
 {¶ 18} This Court agrees with the previously discussed Tenth Appellate District's standard of "good cause." See Payton,
supra; Walton, supra; Furtado, supra; Altizer, supra;Arn, supra. "Good cause" for failing to appear at a hearing under R.C. 4141.281(D)(5) requires a lack of culpability on the part of the appealing party. Further, lack of culpability is consistent with the Ohio Supreme Court's determination in workers compensation cases that "good cause" can be established through unforeseen or changed circumstances. The evidence before the Review Commission clearly fails to constitute "good cause." Counsel for Auditor testified that he not only forgot about the hearing, but when he did remember he did not have the file and he could not retrieve the file because he forgot the code to enter his locked office building. Counsel for Auditor testified that his office building has had the same security system for eight to ten years and he has had problems in the past remembering the code. It is not clear from his testimony exactly how the security system works because he testified that he needed the code to enter the building, but then he also testified that to enter the building you "pu[t] your palm on a machine and squeez[e] your fingers up against sensors." Counsel for Auditor testified that one time when he forgot the code he called another attorney to assist him, but that this time he did not call anyone.
 {¶ 19} While this Court cannot make factual determinations or judge credibility, the record contains no evidence that Auditor's failure to appear at the hearing was the fault of anyone else besides Auditor's counsel. Furthermore, the record contains no evidence that Auditor's failure to appear at the hearing was due to unforeseen or changed circumstance; counsel for Auditor failed to appear because he initially forgot about the hearing and because, for the third time, he forgot the code to an eight to ten year old security system. The Review Commission heard the testimony and determined "good cause" had not been established. This Court finds such a decision was supported by the evidence.
 {¶ 20} This Court is not persuaded by Auditor's argument to apply the "excusable neglect" standard of Civ.R. 60(B). The applicable statute requires "good cause" not "excusable neglect." This Court declines to change the standard set forth by the legislature. Further, lessening the statutory requirement for "good cause" to include forgetfulness risks creating a slippery slope. If an individual party, like Cifranic, forgot about a hearing, would that constitute "good cause," or would only the forgetfulness of a party's busy attorney constitute "good cause?" What evidence would one have to produce to prove he actually "forgot" and attempted to appear at the hearing? How many chances should one have to remember a hearing date? This Court is bound by the statutory requirement of "good cause" and will not open the door to poor case management.
 {¶ 21} Based on the foregoing, this Court finds that the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Therefore, the Review Commission's assignment of error is well taken.
 III {¶ 22} The Review Commission's assignment of error is sustained. The judgment of the trial court is reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Slaby, J., concurs.
[1] To appear at a telephonic hearing requires each party to call the Review Commission and the hearing is conducted over a three-way recorded telephone call.
[2] Although not brought to the attention of this Court by either party or the trial court, this Court recognizes that R.C.4141.28(J)(2) was in effect until October 30, 2001 and that the hearing at issue was held on June 2, 2003. Such a fact would normally lead to issues of statutory misapplication. However, this Court finds that R.C. 4141.281(D)(5), the applicable statute, uses the same language and requires the same action as R.C. 4141.28(J)(2). Accordingly, the Review Commission's quotation of an improper statute is harmless.