OPINION *Page 2 
{¶ 1} The Clark County Board of Mental Retardation and Developmental Disabilities ("MRDD") appeals from a judgment of the Clark County Court of Common Pleas, which affirmed a decision of the Ohio Unemployment Compensation Review Commission ("Unemployment Commission"). The Unemployment Commission had refused to conduct further review of an award of unemployment compensation benefits to MRDD employee Leanna Griffin.
 {¶ 2} On August 10, 2004, MRDD hired Griffin as a part-time, on-call bus aide. When she was hired, Griffin was receiving unemployment benefits as a result of her separation from employment with Creative World of Childcare a few months earlier. During the first two weeks of her employment, Griffin attended an orientation. Thereafter, she was called as needed by MRDD. She had the option to accept or reject the work that was offered to her. According to Griffin, she accepted work when she was called. However, she usually received very short notice of the availability of work, and if she missed the initial call, the position had been filled by someone else on the list by the time she returned the call. As such, Griffin worked for MRDD only one or two days a week for two to three hours per day.
 {¶ 3} Except for the weeks when she attended orientation, Griffin continued to file for unemployment benefits during September, October, and November 2004. She reported her income from MRDD, but this income was less than her weekly unemployment benefit.
 {¶ 4} On September 7, 2004, the Ohio Department of Job and Family Services ("DJFS") issued an initial determination that Griffin was partially unemployed due to lack of *Page 3 
work. MRDD appealed, and DJFS reaffirmed its initial finding. MRDD again appealed and, in January 2005, a hearing officer from the Unemployment Commission conducted an evidentiary hearing. The hearing officer affirmed the DJFS decision. MRDD appealed to the common pleas court. The court also affirmed the DJFS decision, concluding that the decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 5} In November 2004, Griffin accepted a thirty-hour per week position with MRDD, and she did not seek unemployment benefits thereafter.
 {¶ 6} MRDD appeals from the trial court's affirmance of the award of unemployment benefits to Griffin for September, October, and November 2004, raising one assignment of error.
 {¶ 7} "THE LOWER COURT ERRED BY AFFIRMING THE DECISION OF THE OHIO UNEMPLOYMENT REVIEW COMMISSION WHEN THE COMMISSION'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} MRDD claims that Griffin was not totally or partially unemployed because she "repeatedly refused suitable job assignments that were offered to her."
 {¶ 9} Like the trial court, the court of appeals must determine whether the decision of the Unemployment Commission was unlawful, unreasonable, or against the manifest weight of the evidence. R.C.4141.282(H); Struthers v. Morell, 164 Ohio App.3d 709, 712,2005-Ohio-6594, 843 N.E.2d 1231.
 {¶ 10} R.C. 4141.29 provides that eligible individuals shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment as set forth by statute. One is partially unemployed "in any week if, due to involuntary loss of work, the total remuneration payable to the individual for such week is less than the *Page 4 
individual's weekly benefit amount." R.C. 4141.01(N). The statutes governing unemployment compensation are to be liberally construed in favor the the applicant. R.C. 4141.46; Ashwell v. Ohio Dept. of Job Family Serv., Montgomery App. No. 20552, 2005-Ohio-1928, ¶ 43.
 {¶ 11} Upon considering the statutory criteria and the undisputed fact that Griffin's income from the on-call position with MRDD was less than her weekly unemployment benefit amount, the trial court concluded that the Unemployment Commission's determination was not unlawful, unreasonable, or against the manifest weight of the evidence. It observed:
 {¶ 12} "[B]ased on the record, it does not appear that the on-call position with MRDD was regular enough to place Ms. Griffin's situation outside the definition of `partially unemployed.' Further, the record does not support that Ms. Griffin `refused' assignments in a meaningful sense. The description of the on-call aide system suggests that persons could not reasonably anticipate if and when they would be called. Also, the person would have to report for the assignment in a short time after receiving the call. With such randomness and short notice it is reasonable not to consider declining the assignments a `refusal' of suitable work."
 {¶ 13} We agree with the trial court's assessment that the Unemployment Commission's determination was not unlawful, unreasonable, or against the manifest weight of the evidence. Although MRDD's argument implies that Griffin was unwilling to work, the evidence presented about its system of calling employees to work on very short notice, Griffin's inability to anticipate when these opportunities might arise, and her resulting inability to avail herself of many of these opportunities refute this suggestion. *Page 5 
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
BROGAN, J., and GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by(assignment of the Chief Justice of the Supreme Court of Ohio)
Copies mailed to:
Elizabeth H. Smith
David E. Lefton
Leanna M. Griffin
 Hon. Richard J. O'Neill *Page 1