[Cite as *Banks v. Natural Essentials, Inc.*, 2011-Ohio-3063.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95780**

---

## SAMUEL W. BANKS, III

PLAINTIFF-APPELLANT

vs.

## NATURAL ESSENTIALS, INC., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
**AFFIRMED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-725397

**BEFORE:** Rocco, J., Blackmon, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 23, 2011

**FOR APPELLANT**

Samuel W. Banks, III, Pro Se
19024 Winslow Road
Shaker Heights, Ohio 44122


**ATTORNEYS FOR APPELLEES**

**For Natural Essentials, Inc.**

I. Bernard Trombetta
6590 Creekside Trail
Solon, Ohio 44139

**For Director, Ohio Department of Job and Family Services**

Michael DeWine
Attorney General of Ohio

BY:   Patrick MacQueeney
       Assistant Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, Ohio 44113-1899


KENNETH A. ROCCO, J.:

{¶ 1}   Appellant Samuel W. Banks, proceeding pro se, appeals from the trial court's order that affirmed the Unemployment Compensation Review Commission's ("the commission's") decision, which upheld the denial by the

Ohio Department of Job and Family Services ("the agency") of Banks's application for unemployment benefits.

{¶ 2} Banks presents a single assignment of error. Banks argues that the trial court's order should be reversed. He contends the record of the administrative hearing fails to support the commission's decision that Natural Essentials, Inc. ("Natural"), his former employer, terminated him for "just cause" and that he was afforded his right to due process in being terminated from his employment.

{¶ 3} Upon a review of the record, however, this court disagrees. Consequently, Banks's assignment of error is overruled. The trial court's order is affirmed.

{¶ 4} According to the record, Natural hired Banks as a warehouse worker in September 2007. Banks signed an acknowledgment at the time of his hiring that he received a copy of Natural's "Employee Policy Manual."

{¶ 5} Natural required its employees to follow strict rules of conduct. The manual indicated that "abusive or obscene language to fellow employees or supervisors will not be tolerated." Furthermore, the manual warned that such language, along with "threatening [or] intimidating" behavior toward other employees "will be cause for immediate disciplinary action and possible dismissal."

**{¶ 6}** The manual provided that Natural used a progressive disciplinary procedure for infractions of the employee rules of conduct. Certain offenses were listed as ones that could incur more severe penalties; included in these were "unsatisfactory performance" of the job and "abusive or obscene language to fellow employees or supervisors."

**{¶ 7}** With respect to such offenses, the manual outlined the procedure as follows. For the first offense, Natural issued to the employee a written warning and a two-day suspension without pay. For the second offense, depending on its severity, Natural issued to the employee either a suspension or a discharge.

**{¶ 8}** Moreover, the manual separately contained a note that informed employees: 1) Natural placed written warnings in the employee's personnel file to serve as the basis for the progressive disciplinary procedure; 2) each warning issued remained in the employee's file for a period of twelve months; and, 3) three warnings for infractions of "any combination of rules will be cause for immediate discharge."

**{¶ 9}** The record reflects Natural issued a written reprimand to Banks on April 22, 2009. Therein, Natural cited Banks's substandard work, i.e., failing to properly pack product into cartons.

{¶ 10} On July 1, 2009, a female coworker complained that Banks used obscene and abusive language toward her. After his supervisors conducted a short investigation, one that included obtaining Banks's written explanation of the incident, Banks received another written reprimand.

{¶ 11} On July 10, 2009, Natural issued a third written warning to Banks for the use of abusive language toward another coworker; Banks was suspended from work. Effective July 17, 2009, Natural notified Banks his employment was terminated. Natural informed Banks in writing that his termination was based upon his violations of the employee rules of conduct and his disciplinary record.

{¶ 12} On July 21, 2009, Banks filed a claim with the agency seeking unemployment benefits. On August 13, 2009, the agency issued a denial on the basis that Banks had been terminated for just cause pursuant to R.C. 4141.29(D)(2)(a).

{¶ 13} Banks appealed the decision. On September 3, 2009, the agency reaffirmed its decision to deny Banks's claim.

{¶ 14} Banks again appealed, causing the matter to be transferred to the commission. On January 21, 2010, Banks's case proceeded to a hearing before a hearing officer ("HO"). Over a period of several days, the HO took

testimony and evidence from Banks's supervisors, a coworker, and Banks himself.

{¶ 15} On March 16, 2010, the HO issued a decision that affirmed the agency's denial of Banks's claim. The HO determined Banks had been terminated for just cause. Although Banks requested further review of that decision, the commission disallowed his request.

{¶ 16} Banks pursued the matter by filing an appeal in the trial court pursuant to R.C. 4141.282. The trial court heard the matter on the administrative record and on the briefs of the parties.

{¶ 17} In his brief, Banks argued that the commission's decision should be reversed for two reasons. Banks asserted: 1) Natural failed to prove either that it had just cause to discharge him or that it had followed its disciplinary procedures in doing so; and, 2) the HO improperly evaluated the evidence presented at the hearing.

{¶ 18} Eventually, the trial court issued its order affirming the commission's decision. The trial court found that the commission's decision "was not unlawful, unreasonable or against the manifest weight of the evidence."

{¶ 19} Banks filed a timely notice of appeal in this court from the trial court's order. He presents one assignment of error.

{¶ 20} "**I.   Procedures and decisions made by the [commission] Hearing Officer are unlawful, unreasonable, and against the manifest weight of the evidence, and in violation of Article IV, Section 3 of The Ohio Constitution.   These errors were not recognized by the reviewing Court of Common Pleas in its Affirmation Decision, and appeal is made herein.**"

{¶ 21} As he did in the trial court, Banks argues that Natural failed to prove at the administrative hearing that it either terminated him from employment for just cause, or followed its own disciplinary procedures prior to doing so; therefore, the HO improperly evaluated the evidence, and the commission's decision should be reversed.   This court disagrees.

{¶ 22} A reviewing court may reverse the commission's decision only if it is "unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.282(H); see, also, *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 696, 1995-Ohio-206, 653 N.E.2d 1207.   That is, all reviewing courts, from common pleas courts to the Supreme Court of Ohio, are charged with making the foregoing determination.   *Alexander v. Lowe's Home Ctrs., Inc.*, Cuyahoga App. No. 95027, 2011-Ohio-113, ¶22, citing *Williamson v. Complete Healthcare for Women, Inc.*, Licking App. No. 10CA0044, 2010-Ohio-3693.

**{¶ 23}** Thus, appellate courts have the duty to determine whether the agency's decision is supported by the evidence in the record. *Irvine v. Unemployment Comp. Bd. of Rev.* (1985), 19 Ohio St.3d 15, 482 N.E.2d 587. Nevertheless, the appellate court cannot either make factual findings or determine the credibility of witnesses. Every reasonable presumption should be made in favor of the commission's decision and findings of fact. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350.

**{¶ 24}** R.C. 4141.29 establishes the eligibility requirements for unemployment benefits. A claimant is ineligible if he is discharged for "just cause in connection with the individual's work." R.C. 4141.29(D)(2)(a).

**{¶ 25}** "Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine* at 17. An employer may require specific standards of conduct and discharge employees who violate the standards. *Piazza v. Ohio Bur. of Emp. Serv.* (1991), 72 Ohio App.3d 353, 357, 594 N.E.2d 695, citing *Williams v. Ohio Bur. of Emp. Serv.* (Nov. 27, 1985), Cuyahoga App. No. 49759.

**{¶ 26}** The critical issue is whether the employee by his actions demonstrated an unreasonable disregard for his employer's best interest. *Piazza*, citing *Kiikka v. Ohio Bur. of Emp. Serv.* (1985), 21 Ohio App.3d 168,

169, 486 N.E.2d 1233. Whether just cause exists is unique to the facts of each case, bearing in mind the principle that the claimant has the burden of proving his or her entitlement to unemployment compensation benefits. *Irvine*.

{¶ 27} The record in this case supports the commission's decision. Natural submitted a copy of Banks's employment record, which included all the times he committed an infraction. Banks's record of infractions was lengthy, and it demonstrates that for each infraction he received verbal warnings before written ones were issued.

{¶ 28} Gary Pelligrino, Natural's owner, described the process taken with respect to the most serious allegations made against Banks. Pelligrino showed the circumstances had been documented, statements were obtained from the victims and from witnesses to the incidents, and Banks was permitted to provide his versions of what occurred in each.

{¶ 29} Banks's female coworker provided a written description of the July 1, 2009 incident in which she indicated she felt intimidated and frightened by Banks's "yelling" and use of swear words when she approached him with a request to repack some material. Similarly, with respect to the July 10, 2009 incident, Banks's male coworker submitted a written statement indicating he felt insulted by ethnically-specific words Banks used in response

to a request for assistance. Conduct that is intimidating to either the employer or a coworker has been deemed just cause for termination. *Saini v. Cleveland Pneumatic Co.* (May 14, 1987), Cuyahoga App. No. 51913. So, too, has conduct that tends to create a hostile or offensive work environment. *Vitatoe v. Lawrence Industries Inc.*, 153 Ohio App.3d 609, 2003-Ohio-4187, 795 N.E.2d 125.

**{¶ 30}** In conjunction with the documents, the testimony of Natural's witnesses proved the company's prescribed procedures were followed, and Banks was allowed every opportunity to rebut allegations of inappropriate behavior. Banks's written explanations of what he did in each of the incidents, on the other hand, did not ring true.

**{¶ 31}** His testimony at the hearing suffered from the same problem. Banks's responses to the HO's questions tended to be fragmentary, evasive, and occasionally argumentative. From the evidence presented, the HO properly could conclude Banks did not prove his entitlement to unemployment benefits. *Barksdale v. State Unemp. Comp. Rev. Comm.*, Cuyahoga App. No. 93711, 2010-Ohio-267.

**{¶ 32}** Since this court, like the trial court, lacks authority to substitute its judgment for that of the commission, and the commission's decision is supported in the record, Banks's assignment of error is overruled.

*Massengale-Hasan v. Dir., Ohio Dept. of Job & Fam. Serv.*, Cuyahoga App. No. 92981, 2010-Ohio-251; *Harrison v. Penn Traffic Co.*, Franklin App. No. 04AP-728, 2005-Ohio-638.

Affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J., and
SEAN C. GALLAGHER, J., CONCUR