[Cite as *McIntire v. Cuyahoga Cty.*, 2016-Ohio-593.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103126, 103192, and 103253**

**CHARLES W. McINTIRE, IV**

PLAINTIFF-APPELLEE
CROSS-APPELLANT

vs.

**CUYAHOGA COUNTY, ET AL.**

DEFENDANTS-APPELLANTS
CROSS-APPELLEES

**JUDGMENT:**
REVERSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-832199

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 18, 2016

**ATTORNEYS FOR APPELLANTS,**
**CROSS-APPELLEES**

**For Cynthia C. Dungey, Director**
**Ohio Department of Job and Family Services**

Mike DeWine
Ohio Attorney General

BY: Laurence R. Snyder
Assistant Ohio Attorney General
615 West Superior Avenue, 11th Floor
Cleveland, OH    44113-1899

**For Cuyahoga County**

Robert J. Triozzi
Director of Law

BY: Ruchi V. Asher
Cuyahoga County Law Department
2079 East 9th Street, 7th Floor
Cleveland, OH    44115

**ATTORNEY FOR APPELLEE,**
**CROSS-APPELLANT**

Lester S. Potash
25700 Science Park Drive, Suite 270
Cleveland, OH    44122

SEAN C. GALLAGHER, J.:

**{¶1}** Charles W. McIntire IV was discharged from his employment with the Cuyahoga County Sheriff's Department ("County") for storing pornographic images and videos, several of which depicted his ex-girlfriend, on a work computer. McIntire sought, and initially received, unemployment compensation benefits following the discharge. After a series of hearings leading to a final decision denying benefits from the Unemployment Compensation Review Commission ("Commission"), McIntire filed an administrative appeal to the Cuyahoga County Court of Common Pleas. The trial court determined that McIntire's discharge was without just cause and reversed the Commission's decision. The County and the Ohio Department of Job and Family Services ("Director") appealed. We reverse the decision of the trial court and reinstate the Commission's decision. The Commission's determination that McIntire was discharged for just cause was not unlawful, unreasonable, or against the manifest weight of the evidence.

**{¶2}** Pursuant to R.C. 4141.29(D)(2)(a), no person is entitled to unemployment compensation if the individual quit work without just cause or was discharged for just cause. *Sinclair v. Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 101747, 2015-Ohio-1645, ¶ 4. A claimant, such as McIntire, bears the burden of proving his entitlement to unemployment compensation benefits. *Archacki v. Dir., Ohio Dept. of Job & Family Servs.*, 8th Dist. Cuyahoga No. 102258, 2015-Ohio-1849, ¶ 15, citing *Shannon v. Bur. of Unemp. Comp.*, 155 Ohio St. 53, 97 N.E.2d 425 (1951).

**{¶3}** "'Just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Sinclair* at ¶ 4, citing *Tzangas, Plakas & Mannos v. Admr. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 697, 653 N.E.2d 1207

(1995), quoting *Irvine v. State, Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 17, 482 N.E.2d 587 (1985). Whether just cause exists is based on a case-by-case inquiry by the Commission. *Id.* A reviewing court, whether it is the trial court sitting in an appellate capacity or the appellate court reviewing after the trial court's decision, may reverse the Commission's decision only if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Id.*, citing R.C. 4141.282(H); *Geretz v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 89, 2007-Ohio-2941, 868 N.E.2d 669, ¶ 10. Both courts employ the same standard. "If the court does not find that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, then the court 'shall' affirm the decision." *Id.* at ¶ 5.

{¶4} As this court has recognized:

> Reviewing courts are precluded from making factual determinations or determining the credibility of the witnesses in unemployment compensation cases — that is the commission's function as the trier of fact, and reviewing courts must defer to the commission on factual issues regarding the credibility of witnesses and the weight of conflicting evidence. *Irvine*, 19 Ohio St.3d at 18, 482 N.E.2d 587; *Tzangas*, 73 Ohio St.3d at 696, 653 N.E.2d 1207. The courts' role is to determine whether the decision of the commission is supported by some competent, credible evidence in the record. *Tzangas*. If there is evidence in the record to support the commission's decision, a reviewing court cannot substitute its own findings of fact for those of the commission. *Lorain Cty. Aud. v. Unemp. Comp. Rev. Comm.*, 9th Dist. Lorain No. 03CA008412, 2004-Ohio-5175, ¶ 8. Moreover, every reasonable presumption should be made in favor of the commission's decision and findings of fact. *Banks v. Natural Essentials, Inc.*, 8th Dist. Cuyahoga No. 95780, 2011-Ohio-3063, ¶ 23, citing *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988). "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision. * * * When the board might reasonably decide either way, the courts have no authority to upset the board's decision." *Irvine*, 19 Ohio St.3d at 18, 482 N.E.2d 587; *Struthers v. Morell*, 164 Ohio App.3d 709, 2005-Ohio-6594, 843 N.E.2d 1231, ¶ 14 (7th Dist.).

*Sinclair* at ¶ 7. Thus, we must defer to the Commission's findings of fact.

{¶5} In May 2012, McIntire experienced problems with his employer-owned, work computer. It became necessary to replace the hard drive. The following September, McIntire again experienced problems with his computer. The information technology ("IT") department employee determined that McIntire caused the problems by storing personal music files and third-party applications on his hard drive. The data was erased, and McIntire was counseled for the violation of the County's computer policy. Two months later, McIntire experienced more problems with his computer. Additional unauthorized material and third-party applications were discovered and removed by the IT department.

{¶6} Sometime in late November 2012, McIntire, yet again, experienced problems with the computer. The IT department found a significant amount of personal photo, movie, and music files on McIntire's hard drive. At that time, the IT employee noted only the existence of the files, not the content. In light of the persistent problems and prior counseling, McIntire was suspended for three days for violating the County's computer-use policies, prohibiting employees from storing personal, non-work-related material on their computers. The suspension was to be served in February 2013.

{¶7} During McIntire's suspension, the IT department reviewed some of McIntire's files and discovered "material includ[ing] photos of nude women and sex acts and video files showing sex acts." At least one woman depicted in the pornographic videos and pictures was determined to be McIntire's ex-girlfriend. After the discovery of the pornographic images, the County discharged McIntire for failing to comply with verbal or written orders of a supervising officer, for the unauthorized use of a County computer, and for using the computer for prohibited uses. The termination letter specified that the termination was based on his "storing personal and

pornographic files" on his work computer. McIntire denied that he placed or stored the pornographic files on the computer and further disclaimed ownership of the files.

{¶8} In his appeal of the denial of unemployment compensation benefits, the trial court reversed the Commission's decision because the pornographic images were inadvertently or unintentionally downloaded one time from McIntire's cell phone. According to the trial court, this was insufficient to warrant a determination of a just cause discharge because the employer never discussed the ramifications of syncing a cell phone to his work computer. Even if the trial court was authorized to conduct its own independent examination, no evidence from the record supports the trial court's conclusion. At the hearing before the Commission, McIntire claimed the personal family pictures and videos he claimed ownership of were downloaded from an external hard drive he used for work. The files with the pornographic content, for which he denied ownership, were interspersed within those family pictures and videos, and all the files were numbered sequentially. There is no evidence the files were downloaded from a cell phone. The trial court's decision was not based on the evidence from the record and, importantly, was not based on the factual findings of the Commission. *Tzangas*, 73 Ohio St.3d at 696, 653 N.E.2d 1207.

{¶9} According to McIntire, the trial court further concluded that the Commission's decision was against the manifest weight of the evidence because no evidence supported the fact that McIntire accessed pornographic websites while at work. Whether McIntire accessed certain websites is irrelevant. The Commission never found that McIntire accessed pornographic websites, rather the only allegations were that McIntire stored personal and pornographic images on his work computer. We need not discuss the trial court's decision, and by extension McIntire's reliance on such, any further.

{¶10} The sole issue before this court is whether McIntire demonstrated that the Commission's determination — that McIntire was discharged for just cause — was unlawful, unreasonable, or against the manifest weight of the evidence. *Tzangas*, 73 Ohio St.3d at 697. On this point, we agree with the County and the Director's argument advanced in the sole assignment of error: the Commission's decision to deny McIntire benefits was not unlawful, unreasonable, or against the manifest weight of the evidence. McIntire bears the burden of demonstrating the Commission's decision was in error in order to support his administrative appeal.

{¶11} McIntire's appeal to the trial court, and the claim being reasserted in the current appeal, was argued against a straw man. McIntire believes he was discharged for merely storing personal files on his computer, a policy allegedly ignored by other employees and the punishment for which he already served in a three-day suspension. This is not the case. As the County expressly indicated and as recognized by the Commission in its final decision, McIntire was discharged for storing pornographic images, including those depicting his ex-girlfriend, on his work computer. The pornographic nature of the content cannot be ignored.

{¶12} In his first two arguments, McIntire argued that his employment should not have been terminated because of the "Merger and Bar" doctrine and because the County failed to uniformly apply its rules and policies. Both of those arguments are misplaced and are summarily overruled.

{¶13} The "Merger and Bar" doctrine found in Ohio Adm.Code 124-3-05 applies to the State Personnel Board of Review. McIntire has not demonstrated that Ohio Adm.Code 124-3-05 applies to unemployment compensation cases arising under Chapter 4146 of the Ohio

Adm.Code.[1]  Chapter 4146 of the Ohio Adm.Code does not codify the "Merger and Bar" doctrine for the purposes of the Commission's review.

{¶14} In addition, we need not resolve McIntire's argument — whether or not an employer must uniformly apply its rules and policies as a prerequisite to the denial of unemployment compensation benefit.  There was no evidence in the record demonstrating that the County routinely allowed other employees to store pornographic images on the County's computer system.  The evidence was limited to other employees potentially storing non-work-related material on their work stations.

{¶15} McIntire next argues that the Commission failed to provide a reason for its legal conclusions as required pursuant to Ohio Adm.Code 4146-9-01(A), which provides in pertinent part that the Commission's decision "shall be based upon evidence in the record, and consideration of arguments on the record, and shall set forth findings of fact and the reasons for the legal conclusions reached on the issues."  In support of this argument, McIntire altered the Commission's finding of facts and reasons as follows:

> The parties have presented differing testimony regarding the circumstances leading to claimant's separation.  The evidence and testimony presented establishes that claimant stored [non-work-related] photographs and video files [ ] on his work computer.  This constitutes misconduct [for which there was just cause for the County to terminate McIntire's employment].

---

[1]Even if we considered McIntire's argument, it is not entirely clear from the record whether the February 2013 suspension was related to the same files that supported the termination.   At the Commission's hearing, the County's IT employee testified to deleting the 20 gigabytes of personal files on McIntire's work computer in September 2012.   The 20 gigabytes of data was the basis of the suspension.   In November 2012, the IT employee saved McIntire's personal drive located on the County's server, which contained 3 gigabytes of information, because McIntire was experiencing more problems with his computer.   It was the IT employee's February 2013 review of the 3 gigabytes of stored information that led to the termination.

Thus, according to McIntire, the Commission could not have provided a reason for denying benefits because merely storing non-work-related files on the computer is not misconduct sufficient to warrant the termination of employment.

{¶16} Upon reviewing the Commission's actual decision, the Commission denied McIntire unemployment compensation benefits because

> The parties have presented differing testimony regarding the circumstances leading to claimant's separation. The evidence and testimony establish[ed] that [McIntire] stored photographs and video *files depicting nude women and sex acts on his work computer*. This constitutes misconduct sufficient *to suspend his unemployment compensation benefit rights*.

(Emphasis added.) The Commission's decision complied with the legal mandate. The denial of benefits was justified (the legal conclusion) because McIntire stored (the finding of fact) pornographic videos and images on his work computer (the finding of fact), and his discharge was for just cause based on the misconduct (the reason). In light of the fact that the Commission provided findings of facts and a reason for its legal conclusion, the Commission's decision complies with Ohio Adm.Code 4146-9-01. McIntire's argument to the contrary is overruled.

{¶17} McIntire's only remaining argument focuses on the weight of the evidence supporting the Commission's conclusion that McIntire stored the pornographic images on his employer-provided computer, although the pornographic nature of the files was not contested. The hearing officer was free to infer that McIntire caused the pornographic images and videos to be stored on his computer from the fact that at least one woman depicted in the images was McIntire's ex-girlfriend and the pornographic videos and photographs were sequentially interspersed within his family-related files that he downloaded from his personal, external hard drive. McIntire testified to using his personal, external hard drive to upload work files to the County's computer system and that the personal files must have been uploaded "by accident."

"'Just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Sinclair,* 8th Dist. Cuyahoga No. 101747, 2015-Ohio-1645, at ¶ 4, quoting *Tzangas,* 73 Ohio St.3d at 697, 653 N.E.2d 1207. There was no justifiable reason for McIntire to store pornographic images on the County's computer, especially after being warned on at least one earlier occasion about the County's policy against storing personal information on the work computer. The Commission's decision is not against the manifest weight of the evidence.

{¶18} The Commission's decision denying McIntire unemployment compensation benefits was not unreasonable, unlawful, or against the manifest weight of the evidence. Accordingly, we must affirm the Commission's decision denying McIntire benefits and the County and the Director's sole assignment of error is sustained.[2] We reverse the decision of the trial court and enter judgment in favor of the Director and the Commission. The Commission's decision to deny unemployment compensation benefits is reinstated.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

---

[2] In light our decision, McIntire's cross-appeal — challenging the assessment of costs against him because he was the prevailing party — is moot.

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR